**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **KEITH LOGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:**   4:26-cv-1023 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AEROTEK, INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TRANE TECHNOLOGIES COMPANY,** | ) | |
| **LLC,** | ) | ***Removal from*** |
| | ) | **St. Charles County Circuit Court** |
| **Defendant.** | ) | **Case No.: 2611-CC00628** |

## JOINT NOTICE OF REMOVAL

NOW COME Defendants Trane U.S. Inc.[1] ("Trane") and Aerotek, Inc. ("Aerotek"), by and through undersigned counsel, and hereby file this Joint Notice of Removal arising from the above-referenced lawsuit filed by Plaintiff Keith Logan ("Plaintiff") in the Circuit Court of St. Charles County, Missouri.  For their Notice of Removal, Defendants state as follows:

1.      On May 1, 2026, Plaintiff filed a six-count Petition ("Petition") against Trane and Aerotek in the Circuit Court of St. Charles County, Missouri. The Petition for Damages purports to assert claims pursuant to the Missouri Human Rights Act ("MHRA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and 42 U.S.C. § 1981.

2.      Count I of the Petition alleges race discrimination in violation of the MHRA against Aerotek; Count II of the Petition alleges race discrimination under Title VII against Aerotek; Count III of the Petition alleges race discrimination under 42 U.S.C. § 1981 against Aerotek; Count IV

---

[1] In his state court Petition, Plaintiff incorrectly named Defendant as "Train Technologies Company, LLC" instead of Trane U.S. Inc.

alleges race discrimination under the MHRA against Trane; Count V alleges race discrimination under Title VII against Trane; and Count VI alleges race discrimination in violation of 42 U.S.C. § 1981.  Plaintiff also raises a constitutional challenge to SB43.  *See generally,* Petition. A copy of the Petition is part of the *State Court Action*, attached hereto as **Exhibit A**.

3.      The Petition seeks damages in the form of lost wages, emotional distress, and other related compensatory damages, and attorneys' fees and costs.

4.      As reflected therein, Trane and Aerotek were each served with a copy of Plaintiff's Petition on May 27, 2026.

5.      The Notice of Removal is being filed within thirty (30) days of service of process on Trane and Aerotek.  *See* **Exhibit A.**

6.      First, the instant lawsuit is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, by virtue of the federal questions raised in Plaintiff's Petition, in that Plaintiff's claims allege violations of the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*, and 42 U.S.C. § 1981.

7.      Federal district courts have original jurisdiction over claims "arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1331.

8.      A claim arises under the laws of the United States for purposes of federal-question jurisdiction when a federal question is presented on the face of a plaintiff's properly pleaded complaint.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9.      Plaintiff's Petition raises several federal questions, in that he alleges Defendants violated the Title VII and 42 U.S.C. § 1981 (Counts II, III, V, and VI).  *See generally* Plt's Pet.,

2

**Exhibit A**. Therefore, this Court has original jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

10.    Second, the instant lawsuit also may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1332, by virtue of diversity jurisdiction as the lawsuit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.    As an initial matter, the parties are citizens of different states.  Plaintiff alleges he is a citizen of St. Louis County, Missouri.  Plt's Pet., ¶ 2, **Exhibit A**.

12.    Defendant Trane is incorporated in Delaware with its principal place of business located in Davidson, North Carolina.  *See Declaration*, ¶ 8, incorporated herein and attached hereto as **Exhibit B**.  Therefore, Trane is a citizen of both Delaware and North Carolina, but not Missouri. *See Sanders v. Clemco Indust.*, 823 F.2d 214, 216 (8th Cir. 1987) (a corporation is a citizen of both its state of incorporation and its principal place of business).

13.    Defendant Aerotek, Plaintiff's former employer, is a Maryland corporation with its principal place of business in Hanover, Maryland.  Therefore, Aerotek is only a citizen of Maryland and not a citizen of Missouri.  Plt's Pet., ¶ 3, **Exhibit A**.

14.    Consequently, there is complete diversity of citizenship between all parties to this action.

15.    Next, when determining whether the requisite jurisdictional amount for diversity jurisdiction has been met, courts consider in the aggregate all forms of relief requested, including emotional distress, lost wages and benefits, and statutory attorneys' fees, unless the plaintiff would not be entitled to such relief as a matter of law.  *See Brooks* v. Kelly, No. 4:11CV01510 AGF, 2011

U.S. Dist. LEXIS 137936, at *9 (E.D. Mo. Dec. 1, 2011) (denying motion to remand and recognizing aggregation of alleged damages).

16.     Further, Plaintiff seeks punitive damages, which are potentially available in MHRA discrimination claims brought in federal court and count toward the amount in controversy. *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 766 (8th Cir. 2001) (punitive damages and statutory attorneys' fees count in the calculation of amount in controversy); *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (actual damages and punitive damages count toward the amount in controversy); *Riffert v. Walgreen Co.*, 2008 U.S. Dist. LEXIS 12751 (E.D. Mo. Feb 20, 2008) (emotional distress, punitive damages, and attorneys' fees included in calculation of amount in controversy).

17.     Here, the amount in controversy exceeds $75,000, exclusive of interests and costs, as Plaintiff is seeking damages for six claims with large statutory caps, including actual damages, compensatory damages, punitive damages, and attorneys' fees and costs.

18.     In this case, Plaintiff was employed by Aerotek and placed with Trane as a material handler, earning $20.00 per hour, or an annual salary of approximately $41,600.00 at the time his employment with Aerotek ended on April 2, 2025, with the opportunity to earn more via shift differentials and overtime. *See* **Exhibit B**, ¶¶ 6-7.  Accordingly, in the fourteen-month period since Plaintiff's employment with Aerotek ended, his lost wages could total approximately $48,533.33. Therefore, the potential lost wages alone compose more than half of the jurisdictional threshold required for removal.

19.     An employer who violates Title VII shall be liable to any eligible employee affected for lost wages, future wages and benefits, and interest.  *Howe v. Varity Corp*, 36 F.3d 746 (8th. Cir.

1994).  Therefore, considering the potential for back pay, future wages, and interest, Plaintiff exceeded the $75,000 amount in controversy needed to establish diversity jurisdiction.

20.    A plaintiff also may recover back pay, front pay, compensatory damages, and punitive damages under 42 U.S.C. § 1981.  *See generally Earvin v. Warner-Jenkinson Co.*, 1995 U.S. Dist. LEXIS 19414 (March 10, 1995). Between his claims under Title VII and 42 U.S.C. § 1981, Plaintiff far surpassed the $75,000 threshold.

21.    Next, statutory attorney's fees count toward the jurisdictional minimum for diversity jurisdiction.  *Peterson v. The Travelers Indem. Co*., 867 F.3d 992, 995 (8th Cir. 2017), *Bivens v. GEICO Ins. Co.*, 2024 U.S. Dist. LEXIS 42730, 2024 WL 1091793, at *2 (E.D. Mo. Mar. 12, 2024. *Bey v. Poettker Constr*., 2024 U.S. Dist. LEXIS 48229, at *3 (E.D. Mo. Mar. 19, 2024). Further, attorneys' fees awards in MHRA discrimination cases almost invariably exceed $75,000. *See Soto v. Costco Wholesale Corp*., 502 S.W.3d 38 (Mo. App. W.D. 2016) ($234,000 on a single claim for MHRA discrimination); *Williams v. City of Kansas City*, 641 S.W.3d 302 (upholding a 1.5 multiplier for attorneys' fees and costs awarded); *Hunt v. Missouri*, 2001 U.S. Dist. LEXIS 24376 ($127,322.50 in attorneys' fees and costs awarded).

22.    Plaintiff may also be entitled to punitive damages via his state law discrimination claims brought under the MHRA.  *White v. UPS*, 2012 U.S. Dist. LEXIS 31280, at *7 (E.D. Mo. Mar. 8, 2012).  "It is well established that, when calculating the amount in controversy, punitive damages…are to be included." *Id.*

23.    With respect to punitive damage awards, though there is no "bright-line" rule regarding the ratio of punitive to compensatory damages, the Eighth Circuit has approved a four-to-one ratio between punitive and compensatory damages as appropriate in MHRA cases.  *Wallace v. DTG Operations, Inc*., 563 F.3d 357, 363 (8th Cir. 2009); *Polites v. Home Depot U.S.A., Inc*.,

No. 4:13CV143 CDP, 2013 U.S. Dist. LEXIS 77466, at *6 (E.D. Mo. June 3, 2013); s*ee White v. UPS.*, 2012 U.S. Dist. LEXIS 31280, at *3 (E.D. Mo. 2012) (although estimated compensatory damages were only $35,000, the addition of damages for emotional distress, punitive damages, and attorneys' fees "would allow a finder of fact to 'legally conclude' that the jurisdictional minimum has been met.").

24.     Therefore, the amount in controversy here is satisfied on the face of the Petition given Plaintiff's request for lost wages and benefits, compensatory damages (including emotional distress), attorneys' fees and costs, and potential for punitive damages. *See Schaeffer v. Security Management Services*, 2004 U.S. Dist. LEXIS 29659, at*1 (W.D. Mo. Dec. 2, 2004) (holding it was "facially apparent" from plaintiff's petition, which requested back pay, front pay or injunctive relief, lost fringe benefits, emotional pain and suffering, and attorneys' fees without naming an exact amount for plaintiff's claim under the MHRA, that the plaintiff claimed damages exceeding $75,000).

25.     Although Defendants deny liability, based on the damages claimed by Plaintiff, the amount in controversy plausibly exceeds the $75,000 requirement for removal to federal court based on diversity.

26.     Trane and Aerotek have consulted with one another and each consents to and joins this Notice of Removal.

27.     No previous application has been made for the relief requested herein.

28.     The United States District Court for the Eastern District of Missouri encompasses St. Charles County, Missouri, where the state court action is now pending, and so this action is properly removed to the Eastern District of Missouri pursuant to 28 U.S.C. § 1441(a).

29.     This Notice of Removal is accompanied by written Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of St. Louis County, Missouri, on this date, all as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Trane U.S. Inc. and Defendant Aerotek, Inc. provide Notice of Removal of the above-styled action pending in the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

| JACKSON LEWIS P.C. | HUSCH BLACKWELL LLP |
|---|---|
| */s/ Joseph M. Wiengte, Jr.* | */s/ R. Anthony Costello* |
| Joseph M. Wientge, Jr., #57494MO | R. Anthony Costello, #50968MO |
| Scarlett P. Keane, #77419MO | William E. Corum, #43154MO |
| 1 N. Brentwood Blvd., Suite 1150 | 4801 Main Street, Suite 1000 |
| St. Louis, Missouri 63105 | Kansas City, Missouri 64112 |
| Telephone: (314) 827-3939 | Telephone: 816-983-8000 |
| Facsimile: (314) 827-3940 | Facsimile: 816-983-8080 |
| Joe.Wientge@jacksonlewis.com | tony.costello@huschblackwell.com |
| Scarlett.Keane@jacksonlewis.com | william.corum@huschblackwell.com |
| | |
| *Attorneys for Defendant* | *Attorneys for Defendant* |
| *Trane U.S. Inc.* | *Aerotek, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court on June 25, 2026 and was served via the courts electronic filing system and Email upon:

Joshua G. Miller
Furniss Law
1423 S. Big Bend Blvd
St. Louis, MO 63117
jmiller@furnisslaw.com

*/s/ Joseph M. Wientge, Jr.*

7